IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02584-CYC

ANDRE J. TWITTY,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

On March 6, 2026, the Court granted the Motion to Enforce Filing Restrictions, to Vacate Scheduling Conference and Related Deadlines, and to Extend Deadline to Respond to Plaintiff's Complaint, ECF No. 39, and dismissed this case without prejudice. ECF No. 40. Judgment entered that day. ECF No. 41.

Almost three weeks later, the plaintiff filed a motion seeking permission to file a pro se action. ECF No. 42. Given that judgment entered, the Court construes the motion as brought under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). A motion to amend or alter a judgment brought under Rule 59(e) "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," not "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[O]nce the district court enters judgment, the

1

public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

Here, the plaintiff offers no basis for relief. He ignores that this case was dismissed, judgment entered, and the case terminated from the Court's docket. He does not argue that the Court "misapprehended the facts, a party's position, or the controlling law," *Servants*, 204 F.3d at 1012, and simply disregards the procedural posture of this case. In short, he "makes no arguments as to why this action should not have been dismissed for failure to comply with his filing restrictions," *Escalante v. Droege*, No. 24-3079-JWL, 2024 WL 3104613, at *1 (D. Kan. June 24, 2024), and "does not argue that he had complied with the filing restrictions imposed against him." *Greene v. Pac. Shore Prop. Mgmt.*, No. 19-cv-03142-LTB, 2019 WL 8886178, at *1 (D. Colo. Dec. 4, 2019). That will not do.

This case was properly dismissed for the reasons stated in the March 6, 2026 Order, ECF No. 40, namely that the plaintiff failed to comply with the filing restrictions imposed on him in *Twitty v. Daniels*. No. 10-cv-02309-ZLW, Order Dismissing Case and Imposing Sanctions, ECF No. 7 (D. Colo. Oct. 27, 2010); *see also Twitty v. Daniels*, 412 F. App'x 110, 112–13 (10th Cir. 2011) (imposing filing restrictions in the United States Court of Appeals for the Tenth Circuit). To the extent the plaintiff's motion is an attempt to comply with those filing restrictions, those relate to the filing of a new case; they do not provide grounds for reconsideration in an existing case.

Accordingly, it is hereby ORDERED that the plaintiff's Motion Requesting Leave to file a Pro Se Action, ECF No. 42, is **DENIED**.

Given that this Order provides the plaintiff with information about the status of that motion, the plaintiff's untitled motion "requesting the status of the motion," ECF No. 43, is

**GRANTED in part** only to the extent it requests information about the status of ECF No. 42.

The untitled motion, ECF No. 43, is **DENIED** in all other respects.

Dated this 29th day of April, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge